IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAYLOR EMERY, an individual,

       Plaintiff,

       v.

HEATHER ARAGON, an individual,

       Defendant.

Case No. 6:22-cv-01495-MC

OPINION AND ORDER

_____

MCSHANE, Judge:

       Plaintiff, Taylor Emery, brings this labor action against Defendant, Heather Aragon, asserting claims for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 216(6) and Oregon State law. Pl.'s Sec. Amend. Compl. (SAC) 4–5, ECF No. 8. Plaintiff provided in-home childcare services to Defendant from June 7, 2021, to February 23, 2022, and now asserts that Defendant owes her an estimated $1,883.50 in unpaid wages. SAC ¶¶ 10, 19, 35. Defendant, a former employee of Rise Law Group, Inc. ("Rise Law") filed the present Motion (ECF No. 9) to disqualify Rise Law and its attorneys from representing Plaintiff in this action. Def.'s Mot., ECF No. 9. For the following reasons, Defendant's Motion is GRANTED.

## BACKGROUND

       Plaintiff is represented in this case by attorney Jaime L. Hazlett, a partner at Rise Law. Defendant was formerly employed at Rise Law from February 10, 2020, through February 8, 2022, working directly for attorneys Hazlett and Maryanne Pitcher, first as a discovery clerk, and

1 – OPINION AND ORDER

later as a paralegal. Def.'s Mot. 2; Aragon Decl. at 1, ECF No. 10. At one point during her employment, attorneys Hazlett and Pitcher represented Defendant pro bono in a landlord tenant case. Pl.'s Resp. 3; Aragon Decl. 2.

While Defendant worked at Rise Law, Plaintiff provided childcare services to both Defendant and attorney Hazlett, working three days a week for Ms. Hazlett and two days a week for Defendant. Def.'s Mot. 2. Occasionally, Plaintiff would watch Defendant's and attorney Hazlett's children together. Def.'s Reply 7, ECF No. 13. As part of its benefits package, Rise Law provided employee benefits to Defendant to cover the cost of childcare services. Def.'s Mot. 2. Defendant alleges that when she first contracted with Plaintiff, Plaintiff did not wish to provide her tax information, so Defendant sought legal advice from attorneys Hazlett and Pitcher regarding how to pay Plaintiff and report payment for Plaintiff's services to the IRS. Aragon Decl. at 2. Attorney Hazlett denies that this conversation took place or that she and Ms. Pitcher provided Defendant with legal advice regarding childcare benefits or taxes. Pl.'s Resp. 3, ECF No. 12.

Rise Law terminated Defendant on February 8, 2022, and on April 20, 2022, Defendant filed a suit against Rise Law, Ms. Hazlett, and Ms. Pitcher for unpaid wages. Def.'s Mot. 2; *See Aragon v. Rise Law Group, Inc.* 1:22-CV-00935-CL (D. Or. 2022). A few months later on October 10, 2022, Plaintiff, represented by attorney Hazlett, filed the present lawsuit against Defendant. Def.'s Mot. 2.

## STANDARD OF REVIEW

The decision to disqualify counsel is "within the sound discretion of the court." *Roberts v. Legacy Meridian Park Hosp., Inc.*, No. 3:13–cv–01136–SI, 2014 WL 294549, at *17 (D. Or. Jan. 24, 2014) (citing *Gas-A-Tron of Az. v. Union Oil. Co. of Cal.*, 534 F.2d 1322, 1325 (9th Cir.

2 – OPINION AND ORDER

1976)). In an effort to "maintain public confidence in the legal profession" courts have a duty to disqualify attorneys who act improperly or "fai[l] to avoid the appearance of impropriety." *Gas-A-Tron of Az.*, 534 F.2d at 1324–25. District courts apply the law of the forum state to determine matters of attorney disqualification. *In re County of Los Angeles,* 223 F.3d 990, 995 (9th Cir. 2000). Therefore, lawyers practicing in the District of Oregon are bound by the Oregon Rules of Professional Conduct ("ORPC").

## DISCUSSION

Defendant contends that attorney Hazlett's representation of Plaintiff in this matter creates a conflict of interest and poses multiple ethical violations. Def.'s Mot. 4. The Court agrees. First, Defendant intends to call attorney Hazlett as an adverse witness against Plaintiff, her own client. *Id*. at 5. The crux of Defendant's defense in this case depends on whether Plaintiff was an independent contractor or a full-time employee of Defendant's. *Id.* at 6. Defendant believes that attorney Hazlett's testimony about her own business dealings with Plaintiff will support the position that Plaintiff was an independent contractor, and therefore, the anticipated testimony will undermine Plaintiff's claims. *Id.*

Under the Oregon Rules of Professional Conduct a lawyer should avoid advocating on behalf of a client in a case where she will likely be called as a witness. ORPC 3.7(a); *see In re Kluge*, 335 Or. 326, 337 (2003) ("the prohibition against a lawyer acting as counsel in a case in which the lawyer also will be called as a witness is a basic rule of legal ethics."). However, Rule 3.7(c) provides,

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a member of the lawyer's firm may be called as a witness other than on behalf of the lawyer's client, *the lawyer may continue the representation until it is apparent* that the lawyer's or firm member's testimony is or *may be prejudicial* to the lawyer's client.

3 – OPINION AND ORDER

ORPC 3.7(c) (emphasis added). "Once it is apparent that the lawyer's testimony will be actually or *potentially* prejudicial to the lawyer's client," ORPC 3.7(c) "does not permit the lawyer to continue the representation [even] by obtaining the consent of the client after full disclosure." *In re Kluge*, 335 Or. at 337 (emphasis added). Likewise, another lawyer in the same firm may not represent the client where her colleague's testimony may be prejudicial to the client. *See* OSB Formal Ethics Opinion No. 2005-8 (where Lawyer A's testimony may be "unfavorable to the client, neither Lawyer A nor Lawyer B may try the case").

Here, it is apparent that attorney Hazlett's and Rise Law's continued representation of Plaintiff violates Rule 3.7(c). Attorney Hazlett contends that her testimony will not be prejudicial to Plaintiff, and, according to Defense counsel, attorney Hazlett plans to file stipulations to specific facts so that she will not need to be called as a witness. Schuck Decl. ¶ 11, ECF No. 11; Hazlett Decl. ¶ 7. ECF No. 12. However, attorney Hazlett may not avoid the impropriety of her dual roles in this litigation by merely offering unilateral stipulations. Attorney Hazlett, being both Plaintiff's employer and Defendant's former employer, very likely has firsthand knowledge and confidential information that will be pertinent to the claims involved in this case. Defendant clearly intends to call Ms. Hazlett to the stand, and that testimony may be prejudicial to Plaintiff, presenting a nonwaivable conflict of interest. On this basis alone, attorney Hazlett and Rise law are disqualified from representing Plaintiff in the present litigation.

Defendant alternatively argues that she is a former client of attorney Hazlett, and therefore, Ms. Hazlett is barred from adversely representing Plaintiff against Defendant

4 – OPINION AND ORDER

under Rules 1.9 and 1.6.[1] Attorney Hazlett admits that she represented Defendant in a landlord-tenant dispute but denies representing or advising Defendant in a matter substantially related to the current unpaid wages claim between Plaintiff and Defendant. Aragon Decl. 1–2.

The Court need not address the scope of attorney Hazlett's alleged former representation of Defendant. Even if Defendant was never a former client of attorney Hazlett, the inappropriateness of Rise Law's representation of Plaintiff in this case is indisputable. Defendant is a former employee of attorney Hazlett, who is being sued by a childcare provider shared by both Hazlett and Defendant. Rise Law provided the childcare benefits that are now at the center of Plaintiff's suit. Rise Law has access to confidential information and tax statements that could be used to prejudice Defendant. Furthermore, Defendant is involved in a separate pending suit against attorney Hazlett and Rise Law. Attorney Hazlett is too personally entangled in the history of this case to represent Plaintiff impartially and ethically. A holding otherwise would create a gross appearance of impropriety.

## CONCLUSION

Defendant's Motion to Disqualify Counsel, ECF No. 9 is GRANTED. Attorney Jaime L. Hazlett and all other attorneys at Rise Law are disqualified from representing Plaintiff in this case.

---

[1] Rule 1.9(a) states that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless each affected client gives informed consent, confirmed in writing. *See* ORCP 1.9(a). Rule 1.6 deals with confidentiality of information relating to the representation of a client or former client. *See* ORPC 1.6(a).

5 – OPINION AND ORDER

IT IS SO ORDERED.

DATED this 31st day of January, 2023.

        /s/ Michael McShane
Michael J. McShane
United States District Judge